**quinn emanuel** trial lawyers | boston

111 Huntington Avenue, Suite 520, Boston, Massachusetts 02199-7626 | TEL (617) 712-7100 FAX (617) 712-7200

WRITER'S DIRECT DIAL NO.
**(617) 712-7114**

WRITER'S EMAIL ADDRESS
**billweinreb@quinnemanuel.com**

January 27, 2020



**VIA ECF AND HAND**
The Honorable Jed S. Rakoff
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Room 1340
New York, NY 10007-1312

Re:   *United States v. Petit and Taylor*, No. 19 Cr. 850 (JSR) (S.D.N.Y.)

Dear Judge Rakoff:

We represent Defendants Parker H. Petit and William Taylor in the above-captioned action and write, pursuant to the Court's order, in response to the January 23, 2020 letter submitted to the Court by Sidley Austin LLP on behalf of MiMedx Group, Inc. (*MiMedx*) seeking to "quash" three exhibits to Defendants' Joint Motion to Compel Discovery and Set Disclosure Deadlines (ECF No. 24) (*Joint Motion*), on grounds of the attorney work product doctrine. *See* Letter from D. Rody to Hon. J. Rakoff dated Jan. 23, 2020 (*Sidley Letter*).

For the reasons stated below, Defendants oppose MiMedx's request that the Court order Defendants, the Government, and the Securities and Exchange Commission (*SEC*) (a nonparty to this action) to return or destroy the documents.

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

## Background

As set forth in Defendants' Joint Motion, this criminal prosecution was precipitated by an investigation conducted by the Audit Committee of the Board of Directors of MiMedx, Defendants' former employer. *See* Joint Mot. at 2–15. The Audit Committee retained King & Spalding LLP (***King & Spalding***) and KPMG LLP (***KPMG***) to lead the investigation. *See* Joint Mot. Ex. E at 7. The Sidley Letter concerns three memoranda prepared by Ernst & Young (***E&Y***), MiMedx's independent auditor (which was *not* part of the Audit Committee's investigative team) concerning meetings between E&Y, King & Spalding, KPMG, and others that occurred in 2018. *See* Joint Mot. Ex. J (ECF No. 24-10); Ex. M (ECF No. 24-13); Ex. Q (ECF No. 24-17) (collectively, the ***E&Y Memos***).

Defendants understand that E&Y produced these documents to the SEC and that the SEC provided them to the Government, which in turn produced them to Defendants during discovery in this action. Defendants cited the E&Y Memos in their Joint Motion to show that King & Spalding provided detailed debriefs and presentations to the Government and the SEC concerning the factual findings of its investigation and that the Government relied heavily on the Audit Committee's evidence and conclusions in charting its investigative steps and in bringing this case against Defendants. *See* Joint Mot. at 4–6, 10–11, 13–15. MiMedx now asserts that all three E&Y Memos are protected attorney work product that E&Y inadvertently produced to the SEC.

## Argument

The Court should reject MiMedx's request that the Court order Defendants, the Government, and the SEC to return or destroy the documents because: *first*, the E&Y Memos themselves make clear that they are not protected attorney work product; *second*, to the extent the

E&Y Memos are attorney work product, MiMedx waived the protection; and *third*, Defendants' substantial need for the documents overcomes any applicable protection.

## I.     The E&Y Memos Are Not Protected Attorney Work Product

"Work product protection is a judicially created doctrine . . . that provides a lawyer with a zone of privacy in her work, 'free from unnecessary intrusion by opposing parties and their counsel.'" *SEC v. Gupta*, 281 F.R.D. 169, 171 (S.D.N.Y. 2012) (Rakoff, J.) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947)). It is "a qualified privilege for certain materials prepared by an attorney 'acting for his client in anticipation of litigation.'" *United States v. Nobles*, 422 U.S. 225, 237–38 (1975) (quoting *Hickman*, 329 U.S. at 508). It protects "material prepared by agents for the attorney as well as those prepared by the attorney himself." *Id.* at 239. Documents independently created by a third party that is not acting under an "attorney's direction or control" are not protected. *In re Grand Jury Proceedings*, No. M-11-189, 2001 WL 1167497, at *19 (S.D.N.Y. Oct. 3, 2001). "[T]he party invoking a privilege bears the burden of establishing its applicability to the case at hand. . . . The burden is a heavy one, because privileges are neither lightly created nor expansively construed." *In re Grand Jury Subpoenas*, 318 F.3d 379, 384 (2d Cir. 2002) (internal citations and quotations omitted).

MiMedx has failed to meet its heavy burden here. The Sidley Letter omits critical facts: *E&Y* prepared the E&Y Memos, *not* King & Spalding, and it did so for purposes of its audit, *not* for potential litigation. MiMedx does not claim that E&Y was King & Spalding's agent or that E&Y created the documents under King & Spalding's direction or control or in anticipation of litigation. Nor could it: E&Y was MiMedx's independent auditor and was not part of the Audit Committee's investigative team. KPMG served as the Audit Committee's forensic accountant during the investigation, not E&Y.

Indeed, the E&Y Memos themselves make clear that King & Spalding purposefully withheld privileged information from E&Y and treated E&Y like it treated the Government and the SEC. Specifically, the September 26, 2018 E&Y Memo explains:

> - Two versions of the presentation exist:
>   - One presented to the Audit Committee and the Board
>     - Presentation contains privileged content and additional documents that helped form findings and conclusions
>   - Another that was presented to the Southern District of New York and SEC. This is the presentation shared with EY
>     - Presentation contains identical findings and conclusions as the other presentation, however is without privileged content

Joint Mot. Ex. M at 1. The Memo further explains: ***"Privileged content cannot be shared with EY at this stage*** due to a number of parallel on going [sic] lawsuits that are being handled by Sidley[.]" *Id.* (emphasis added). Thus, by King & Spalding's own admission, the content of its meetings with E&Y was not privileged, and King & Spalding provided the *exact same* materials to the Government and the SEC in the form of detailed debriefs and presentations.[1]

The cases relied upon by MiMedx are inapposite. Each involved work product *created by counsel in anticipation of litigation* and then later provided to an independent auditor, and the issue was whether the company waived the protection by providing the materials to the auditor.[2] *E.g.*,

---

[1] The other two E&Y Memos (dated March 22, 2018 and July 16, 2008, respectively) predate this memorandum, meaning they, too, were created during "this stage," when King & Spalding believed that privileged materials could not be shared.

[2] Even if such cases were applicable, there is no *per se* rule that disclosing attorney work product to an independent auditor does not constitute a waiver, *see Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 229 F.R.D. 441, 446–47 (S.D.N.Y. 2004), and at least one court in this District has found a waiver of the protection in analogous circumstances, *see Medinol, Ltd. v. Boston Sci. Corp.*, 214 F.R.D. 113, 115–17 (S.D.N.Y. 2002) (disclosing meeting minutes of Special Litigation Committee to E&Y, company's independent auditor, constituted a waiver, because E&Y's interests were independent of the company's and disclosure did not serve any "litigation interest"); *Gupta*, 281 F.R.D. at 172 (citing *Medinol*).

4

*Int'l Design Concepts, Inc. v. Saks Inc.*, No. 05 CIV. 4754 (PKC), 2006 WL 1564684, at *2–3 (S.D.N.Y. June 6, 2006) (no waiver because attorney's written investigative report was prepared in contemplation of actual or potential litigation, was created in reliance upon the attorney work product, and was communicated to the auditor under a strict pledge of confidentiality); *In re Pfizer Inc. Sec. Litig.*, No. 90 CIV. 1260 (SS), 1993 WL 561125, at *6 (S.D.N.Y. Dec. 23, 1993) (no waiver when Pfizer produced documents from its legal department to auditor because sharing with auditor did not substantially increase the opportunity that potential adversaries could obtain the information). MiMedx cites no case (nor have Defendants found one) holding that materials prepared by an independent auditor following non-privileged discussions with a company's outside counsel are protected attorney work product.

## II. Any Work Product Protection Has Been Waived

"Work product protection . . . may be waived if the work product is voluntarily disclosed. In this Circuit, the privilege is waived where there is 'deliberate, affirmative, and selective use of privileged work-product materials by a party.'" *Gupta*, 281 F.R.D. at 171. It is MiMedx's burden to demonstrate that the work product protection has not been waived. *Allied Irish Banks v. Bank of Am., N.A.*, 240 F.R.D. 96, 103 (S.D.N.Y. 2007).

MiMedx waived any protection by deliberately sharing with E&Y the same information that it shared with the DOJ and the SEC. As discussed above, the September 25, 2018 E&Y Memo makes clear that the presentation that King & Spalding gave to E&Y (the subject of the E&Y Memo) is *the exact same* presentation that King & Spalding gave to the DOJ and to the SEC. *See* Joint Mot. Ex. M at 1. It also contains "identical findings and conclusions as the other [privileged] presentation." *Id.* At the January 23, 2020 conference before this Court, the Government acknowledged that King & Spalding gave multiple such "downloads" and "presentations" to the

5

DOJ. *See* Tr. 9:10–10:2. MiMedx's disclosure to the DOJ and the SEC—indisputably adversaries investigating MiMedx—constitutes a clear waiver of the attorney work product protection. *See In re Steinhardt Partners, L.P.*, 9 F.3d 230, 232–35 (2d Cir. 1993) (holding that company's production of a memorandum to the SEC addressing facts, issues, and relevant legal theories in the case against the company constituted a waiver of the attorney work product protection); *see also Gupta*, 281 F.R.D. at 171–72 (discussing *Steinhardt*).

## III. Defendants Have Shown A Substantial Need For The Documents

Finally, even if the work product doctrine applies, Defendants' substantial need for the information contained in the E&Y Memos overcomes MiMedx's limited interest in preventing further disclosure. The "[w]ork product protection can . . . be overcome if the defendant shows a 'substantial need' for the documents, and he 'cannot, without undue hardship, obtain their substantial equivalent by other means.'" *United States v. Gupta*, 848 F. Supp. 2d 491, 496 (S.D.N.Y. 2012) (Rakoff, J.) (citing Fed. R. Civ. P. 26(b)(3)(A)(ii)). Courts have held that "substantial need" should be defined "more flexibly when applied to the interests of a criminal defendant," who has a liberty interest at stake. *United States v. Marcus Schloss & Co.*, No. 88 CR. 796 (CSH), 1989 WL 62729, at *3 (S.D.N.Y. June 5, 1989).

Here, the E&Y Memos contain and reference possible exculpatory information, including statements made by potential witnesses to King & Spalding, and the dates and contents of presentations to the Audit Committee, the Government, and the SEC. Defendants' only current source for this information, which is critical to Defendants' preparation of their defense, is the E&Y Memos. Moreover, Defendants' need for the information substantially outweighs any interest of MiMedx in protecting the information. MiMedx is not a party to this action, and Defendants do not gain any unfair advantage over MiMedx by having access to this information.

And finally, because the documents have already been made publicly available, an order from the Court directing Defendants, the Government, and the SEC to return or destroy the documents will have only a limited effect in preventing the documents' public dissemination.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny MiMedx's request seeking an order directing Defendants, the Government, and the SEC to return or destroy the E&Y Memos.

Dated: January 27, 2020                                       Respectfully submitted,

/s/ Eric B. Bruce                                             /s/ William D. Weinreb
Eric B. Bruce                                                 William D. Weinreb
Freshfields Bruckhaus Deringer US LLP                         Michael T. Packard
700 13th Street, NW                                           Quinn Emanuel Urquhart & Sullivan, LLP
10th Floor                                                    111 Huntington Ave., Suite 520
Washington, DC 20005                                          Boston, MA 02199
Telephone: (202) 777-4500                                     Telephone: (617) 712-7100
Email: Eric.Bruce@freshfields.com                             Email: billweinreb@quinnemanuel.com
                                                              Email: michaelpackard@quinnemanuel.com

Altin H. Sila
Freshfields Bruckhaus Deringer US LLP                         William A. Burck
601 Lexington Avenue                                          Quinn Emanuel Urquhart & Sullivan, LLP
New York, NY 10022                                            1300 I Street NW, Suite 900
Telephone: (212) 230-4622                                     Washington, D.C. 20005
Email: Altin.Sila@freshfields.com                             Telephone: (202) 538-8000
                                                              Email: williamburck@quinnemanuel.com

*Attorneys for Parker H. Petit*

                                                              Michael B. Carlinsky
                                                              Quinn Emanuel Urquhart & Sullivan, LLP
                                                              51 Madison Avenue, 22nd Floor
                                                              New York, NY 10010
                                                              Telephone: (212) 849-7000
                                                              Email:michaelcarlinsky@quinnemanuel.com

                                                              *Attorneys for William Taylor*

cc:     All Counsel (by ECF)
        Sidley: David M. Rody (by email)
        SEC: Kevin Comeau; Ty Cottrill; Stephen McKenna (by email)