```
                                        ┌─────────────────────────┐
                                        │ USDC SDNY               │
                                        │ DOCUMENT                │
UNITED STATES DISTRICT COURT            │ ELECTRONICALLY FILED    │
SOUTHERN DISTRICT OF NEW YORK           │ DOC #: _____ │
-------------------------------------x  │      ___ ID: 2/7/20     │
UNITED STATES OF AMERICA             :  └─────────────────────────┘

                                     :    19-cr-850 (JSR)
            -v-                      :

PARKER H. PETIT and WILLIAM TAYLOR,  :    MEMORANDUM ORDER

                                     :
            Defendants.              :
-------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On January 22, 2020, defendants Parker Petit and Bill Taylor - former chief executive officer and chief operating officer, respectively, of non-party MiMedx Group, Inc. ("MiMedx") - filed a joint motion to compel discovery from the Government. ECF No. 24. Attached as Exhibits J, M, and Q to the motion were the documents that Ernst & Young ("E&Y") - a former auditor of MiMedx - had produced to the Securities and Exchange Commission ("SEC"), in response to a subpoena, in their capacity as agent for MiMedx without any reservation. Id. Defendants and MiMedx believe that the SEC provided these documents to the Department of Justice ("DOJ"), which, in turn, disclosed them to defendants in the course of this action.

Now before the Court is a letter motion of MiMedx, filed many months after E&Y's production to the SEC, to quash Exhibits J, M, and Q on work product grounds. ECF No. 28 ("MiMedx Mem."). Defendants oppose the motion. ECF No. 27 ("Defs. Opp."). For the

1

reasons set forth below, the motion is granted in part and denied in part.

## Background

In or about February 2018, the Audit Committee of the Board of Directors of MiMedx retained King & Spaulding, LLP ("K&S") to lead an internal investigation of allegations raised in government investigations and civil litigation involving MiMedx. MiMedx Mem. 1. Exhibits J, M, and Q are E&Y's notes, made as part of E&Y's audit process, of meetings with K&S, the Audit Committee, and KPMG LLC (which served as the Audit Committee's forensic accountant during the internal investigation), regarding the updates on the internal investigation. ECF Nos. 24-10, 24-13, 24-17.

## Analysis

The work-product doctrine shields from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3); see United States v. Noble, 422 U.S. 225, 236 (1975) (holding that work-product doctrine "applies to criminal litigation as well as civil").[1] In discerning what "in anticipation of litigation" means, the

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

2

courts in the Second Circuit ask whether the document at issue was created "because of" anticipated litigation, rather than if the document was "created primarily to assist in litigation." United States v. Adlman, 134 F.3d 1194, 1195 (2d Cir. 1998). "[T]he party invoking a privilege bears the burden of establishing its applicability to the case at hand." In re Grand Jury Subpoena, 318 F.3d 379, 384 (2d Cir. 2002).

Upon its review, the Court finds that Exhibits J, M, and Q contain various materials prepared in anticipation of litigation. The internal investigation was initiated when MiMedx was already in the midst of government investigations and civil litigation. The meeting notes at issue, all entitled "investigation update," contain updates that K&S provided to E&Y regarding the internal investigation, and this information was obtained and documented by E&Y during its audit process precisely "because of" the prospect of litigation. See Adlman, 134 F.3d at 1195 (2d Cir. 1998) ("Where a document was created because of anticipated litigation, and would not have been prepared in substantially similar form but for the prospect of that litigation, it falls within Rule 26(b)(3)."). Furthermore, contrary to defendants' assertion, the fact that E&Y, not K&S, took the notes at issue does not disqualify the materials from receiving work product protection, because the work product doctrine covers "materials containing mental impressions,

3

conclusions, opinions, or legal theories of an attorney or other representative that were prepared in anticipation of litigation." SEC v. Vitesse Semiconductor Corp., 771 F. Supp. 2d 310, 313 (S.D.N.Y. 2011) (emphasis added); see also United States v. Deloitte LLP, 610 F.3d 129, 139 (D.C. Cir. 2010).[2]

However, the Court finds that not all the contents in Exhibits J, M, and Q warrant the work product protection, because the substantial need exception applies to a large portion of those documents. According to Fed. R. Civ. P. 26(b)(3)(A) and (B), there are two categories of work product, where each affords a different level of protection: (1) fact work product that can be subject to discovery upon a showing of "substantial need" and "undue hardship" to acquire the document or substantial equivalent; and (2) opinion work product – i.e., "the mental impressions, conclusions, opinions, or legal

---

[2] In addition, this work product protection was not waived simply by the fact that K&S provided the information to MiMedx's independent auditor, because E&Y "is not reasonably viewed as a conduit to a potential adversary." In re Pfizer Inc. Sec. Litig., No. 90-cv-1260 (SS), 1993 WL 561125, at *6 (S.D.N.Y. Dec. 23, 1993). Here, MiMedx and E&Y worked together to "prevent, detect, and root out corporate fraud" (e.g., MiMedx launched the investigation at E&Y's suggestion, cooperated with E&Y in the course of the investigation) and there was no adversarial relationship notwithstanding the investigative role that independent auditor perform. Merrill Lynch & Co. v. Allegheny Energy, Inc., 229 F.R.D. 441, 445-49 (S.D.N.Y. 2004).
    Furthermore, although the inadvertent disclosure of the materials at issue to the SEC might arguably raise an issue of waiver, no party so contends. See United States v. Gangi, 1 F. Supp. 2d 256, 264 (S.D.N.Y. 1998).

theories of a party's attorney or other representative concerning the litigation" - that requires a higher standard of "a highly persuasive showing" or extraordinary justification to secure its release. See Adlman, 134 F.3d at 1197. The same standards apply in criminal cases. See In re Grand Jury Proceedings, 219 F.3d 175, 191 (2d Cir. 2000).

Defendants have shown that there is substantial need for fact work product to be produced, as the exhibits at issue contain and reference possible exculpatory information, including the statements made by potential witnesses to K&S and the contents of presentations to the Audit Committee, the DOJ, and the SEC. See Defs. Opp. 6. Indeed, it would be very strange that the Government, which has been in possession of such information for many months (even if due to E&Y's arguable error in producing the documents) would now be prohibited from making this potentially exculpatory information fully available to the defendants. Furthermore, it may as well be that defendants cannot obtain the equivalent information elsewhere. However, defendants have failed to make a similarly persuasive showing or extraordinary justification as to why they need the mental impressions, conclusions, opinions, or legal theories by K&S, and thus they fail to defeat the protection for opinion work product.

5

Therefore, MiMedx's letter motion with respect to what would qualify as fact work product is denied, whereas its motion with respect to opinion work product is granted. Accordingly, after careful review of the exhibits, the Court directs defendants to redact the following parts of Exhibits J, M, and Q from the public docket, strike any references thereto in their motion to compel discovery, and refile the relevant documents by no later than February 10, 2020, at 5:00 p.m.:

Exhibit J

- Page 4, lines 4-8 starting with "K&S" and ending with "intent."

Exhibit M

- Page 2, lines 8-9 starting with "K&S do not" and ending with "phrase"
- Page 2, lines 18-27 starting with "Former Management" and ending with "shipment"
- Page 3, lines 12-14 starting with "K&S concluded" and ending with "shipment"
- Page 3, lines 16-17 starting with "Through K&S" and ending with "VA."
- Page 4, lines 34-37 starting with "K&S" and ending with "arose"

- Page 4, lines 39-41 starting with "K&S concluded" and ending with "the following:"
- Page 5, lines 12-14 starting with "K&S concluded" and ending with "as follows:"
- Page 6, lines 4-6 starting with "K&S concluded" and ending with "support this:"
- Page 7, lines 5-6 starting with "K&S concluded" and ending with "litigants."
- Page 8, lines 9-11 starting with "K&S concluded" and ending with "Taub."
- Page 10, line 25 starting with "K&S concluded" and ending with "testimony:"
- Page 11, lines 7-8 starting with "K&S concluded" and ending with "their conclusions:"
- Page 14, lines 12-13 starting with "Through K&S" and ending with "concerns."
- Page 17, lines 19-22 starting with "K&S came" and ending with "marginalized."

Exhibit Q

- Page 1, the second and the third from the last line starting with "K&S reviewed" and ending with "was required."

Lastly, no party to this action may rely on the above stricken parts in this action going forward.

SO ORDERED.

Dated: New York, NY
February 6, 2020

JED S. RAKOFF, U.S.D.J.