UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

UNITED STATES OF AMERICA                    :
                                            :
            — v. —                          :
                                            :          19 Cr. 850 (JSR)
PARKER H. PETIT and WILLIAM TAYLOR,         :
                                            :          SUPPLEMENTAL
                        Defendants.         :          PROTECTIVE ORDER
                                            :
------------------------------------------------------------------ x

Upon the application of the Defendants Parker H. Petit and William Taylor, and with the

consent of the United States of America, the Court supplements the governing protective order in

this action (the "Protective Order," ECF No. 18) in order to address the production of discovery

material to Defendants by non-parties to this action ("Third Parties"), and in so doing finds and

orders as follows:

1.      Unless ordered by the Court or otherwise provided for herein, all documents,

objects, and information (including electronically stored information) produced to the Defendants

by Third Parties in connection with this action ("Third Party Discovery Material"), whether in

response to subpoenas issued pursuant to Federal Rule of Criminal Procedure 17 or other requests,

will be held and used by the Defendants solely in connection with this action and defense of the

civil enforcement action, *S.E.C. v. MiMedx Group, Inc., et al.*, 19-cv-10927 (NRB) (S.D.N.Y.)

(the "SEC Case").

2.      Third Parties may designate portion[s] of Third Party Discovery Material as

"Highly Confidential" by stamping or otherwise clearly marking as "Highly Confidential" the

protected portion in a manner that will not interfere with legibility or audibility, and by also

producing for future public use another copy of said Third Party Discovery Material with the

confidential information redacted.

3.      The Third Party producing any given Third Party Discovery Material may designate as Highly Confidential only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

4.      If at any time prior to the trial of this action, a producing Third Party realizes that some portion[s] of Third Party Discovery Material that that Third Party previously produced should be designated as Highly Confidential, it may so designate by so apprising Defendants in writing, and such designated portion[s] of the Third Party Discovery Material will thereafter be treated as Highly Confidential under the terms of this order.

5.      Any party who objects to the designation of Third Party Discovery Material as Highly Confidential may at any time prior to the trial of this action serve upon counsel for the designating Third Party a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected parties will convene a joint telephone call with the Court to obtain a ruling.

6.      The Defendants may only disclose Highly Confidential Third Party Discovery Material to:

(a) the Defendants, their counsel, and personnel employed by or retained by defense counsel, as needed for purposes of defending this action or the SEC Case;

(b) the Government;

(c) the SEC;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any individual who defense counsel believes in good faith believes may be either a prospective witness in this action or the SEC Case, or who may be able to provide the defense with leads to additional evidence, and these individuals' counsel; and

(f) the Court and its support personnel.

7.    Highly Confidential Third Party Discovery Materials may be displayed to and discussed with persons identified in Paragraphs 6(d) and 6(e) only on the condition that, prior to any such display or discussion, each such persons shall be asked to sign an agreement to by bound by this Order. In the event such person refuses to sign an agreement, the party desiring to disclose the Highly Confidential Third Party Discovery Material may seek appropriate relief from the Court.

8.    Each person who has access to the Highly Confidential Third Party Discovery shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

9.    The Third Party producing Third Party Discovery Material may authorize, in writing, disclosure of Third Party Discovery Material, including any Highly Confidential Third Party Discovery Material, beyond that otherwise permitted by this Order without further Order of this Court.

10.    This Order does not prevent the disclosure of any Third Party Discovery Material, including any designated as Highly Confidential, in any hearing or trial held in this action, or to

any judge or magistrate judge, for purposes of this action.  However, Highly Confidential Third Party Discovery Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Third Party producing such Highly Confidential Third Party Discovery Material, or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

11.     If, in connection with this action or the SEC Case, a Third Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13.     Except for Third Party Discovery Material that has been made part of the record of this case, the defense shall return to the producing Third Party or securely destroy or delete all Third Party Discovery Material within 60 days of the expiration of the period for direct appeal from any verdict in this action or the SEC Case; the conclusion of any collateral attack; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made dismissing any charges in the above-captioned case or the SEC case, whichever date is later.

14.     There is good cause for entry of the supplemental protective order set forth herein.

15.    The provisions of this supplemental protective order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

      AUDREY STRAUSS
      Acting United States Attorney


by:  /s/ Daniel Tracer            Date:  8/3/2020
     Edward Imperatore/Scott Hartman/
     Daniel Tracer/Drew Skinner
     Assistant United States Attorneys


by:  /s/ Eric Bruce               Date:  8/3/2020
     Eric Bruce, Esq.
     Matthew Menchel, Esq.
     Counsel for PARKER H. PETIT


by:  /s/ William Weinreb       Date:  8/3/2020
     William Weinreb, Esq.
     William Burck, Esq.
     Michael Packard, Esq.
     Counsel for WILLIAM TAYLOR


SO ORDERED:

Dated: New York, New York

     August  3 , 2020

                                  _____
                         THE HONORABLE JED S. RAKOFF
                         UNITED STATES DISTRICT JUDGE
                         SOUTHERN DISTRICT OF NEW YORK