UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
UNITED STATES OF AMERICA                   :
                                           :
            – v. –                         :
                                           :   19 Cr. 850 (JSR)
PARKER H. PETIT and WILLIAM TAYLOR,        :
                                           :
            Defendants.                    :
------------------------------------------------------------------ x

# DEFENDANTS PARKER H. PETIT AND WILLIAM TAYLOR'S
# REPLY IN SUPPORT OF JOINT MOTION TO COMPEL CLARIFICATION OF
# PRIOR WITNESS STATEMENTS

Eric B. Bruce
Jennifer B. Loeb
Altin H. Sila
Freshfields Bruckhaus Deringer US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4577
Email: Eric.Bruce@freshfields.com
Email: Jennifer.Loeb@freshfields.com
Email: Altin.Sila@freshfields.com

Matthew I. Menchel
Amanda N. Tuminelli
Kobre & Kim LLP
800 Third Avenue
6th Floor
New York, NY 10022
Telephone: (212) 488-1200
Email: matthew.menchel@kobrekim.com
Email: amanda.tuminelli@kobrekim.com

*Attorneys for Parker H. Petit*

William D. Weinreb
Michael T. Packard
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Ave., Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Email: billweinreb@quinnemanuel.com
Email: michaelpackard@quinnemanuel.com

William A. Burck
Daniel Koffmann
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: williamburck@quinnemanuel.com
Email: danielkoffmann@quinnemanuel.com

*Attorneys for William Taylor*

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | The Government's Offers to "Aid" Defendants Are Insufficient | 1 |
| II. | The Government Misconstrues the Court's Ruling at the January 23, 2020 Conference | 1 |
| III. | The Government's Explanations for the 3500 Material Are Insufficient | 2 |
| IV. | Any Burden Imposed on the Government is a Product of its Own Making | 3 |
| V. | Defendants Remain Unable to Identify Documents Referenced in the 3500 Material | 4 |
| VI. | The Government Largely Disregards its *Brady* Obligations, Which Mandate Disclosure of Further Information | 5 |

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*United States v. Rodriguez*,
  496 F.3d 221 (2d Cir. 2007)..................................................................................................6

*United States v. Stewart*,
  513 F.2d 957 (2d Cir. 1975)..................................................................................................6

Defendants Parker H. Petit and William Taylor submit this reply in support of their Joint Motion to Compel Clarification of Prior Witness Statements.

## I. The Government's Offers to "Aid" Defendants Are Insufficient

In its opposition, the Government places significant focus on correspondence between the parties that occurred before Defendants filed their motion. But Defendants acknowledged the Government's responses to Defendants' requests in their moving brief, including the Government's offer to "help [Defendants] decipher any illegible or unknown abbreviations" and to identify documents referenced in 3500 material in response to *ad hoc* requests from defense counsel. *See* Br. at 6, 12. For the reasons stated in that brief, and reiterated here, those limited efforts are plainly insufficient.

## II. The Government Misconstrues the Court's Ruling at the January 23, 2020 Conference

The Government misconstrues what the Defendants understood to be the Court's rulings at the January 23, 2020 conference regarding Defendants' prior motion on this issue with respect to the Government's *Brady* disclosures. Among other things, the Government ignores the Court's statement that, if Defendants' motion had been made in the context of 3500 material, "it would be an automatic" that the Court would require the Government to "tell [Defendants] what [their notes] mean[]." Hrg Tr. 21:7–10. The Government also fails to address the Court's ultimate ruling, which ordered the Government to "translate any of the ambiguities and provide all the specifics that might not be crystal clear from the words themselves but limited to the disclosures themselves, not to other documents, other statements, other reports, and so forth." *Id.* 25:16–21. Included within the Court's ruling, for example, was that with respect to notes that referred to an unspecified "day," Defendants were entitled to know to which particular day this

1

referred, notwithstanding that the word "day" was clearly readable and decipherable on its face. *See id.* 23:12–16.

### III. The Government's Explanations for the 3500 Material Are Insufficient

The Government takes the position that its 3500 material, including the excerpted examples that Defendants provided in Exhibit A to their motion, are "legible and easily decipherable on their face" and that Defendants are merely feigning confusion. Opp'n at 5. Yet even the Government's feeble attempt to explain just a couple of the examples that Defendants offered in their moving brief fails to offer any significant clarification and only serves to further highlight just how incomprehensible the material at issue is.

The Government broadly asserts, for example, that the notes are recorded in a "Q&A" style, which provides "questions posed to the witness, followed by the witnesses' answers" and that "[t]here is nothing 'unclear' about these notes." Opp'n at 9. The Government further asserts that, with this knowledge of the note-taker's style, there can be no confusion and "no relief is warranted." *Id.* But the Government only clarifies one such example cited in Defendants' moving brief and leaves the others unclear. *See id.* at 9–10.

For example, despite the Government's general explanation, where the 3500 material for Carlton provides, "CPM/Brooks: didn't direct or ask what he said. We gave MB consulting b/c of [unreadable] mkg knowledge ~ QPQ," 3517-018, Defendants still do not know which of these statements were made by the Government interviewer and which were made by Carlton. Nor can Defendants determine whether "QPQ" was a term that Carlton used or that the Government interviewer used, or whether the tilde that precedes it has significance, such as whether it denotes an approximation of what was said. And this is just one example. The Government's broad description of note-taking style does not enable Defendants to understand all of the unclear 3500 material at issue.

2

The Government essentially takes the position that unless words are indecipherable or illegible, the notes are easily understood, because "the context and form of the notes," which the Government accuses Defendants of omitting and distorting, "render[s] the substance of what has been recorded easily discernible." Opp'n at 13. But this is belied by the very example that the Government uses to support its point, which appears in the 3500 material as:

> Mb knows Recognizing revenue from sales to him
> didn't know if they were RR at $ amount if it was 2.1 or 1.75 bc that's what was keeping MB didn't know how it was gna flush out.
> not mb's idea, if mb didn't do this mimedx not give mb that.
> june 2015 at some level realized they were doing this to increase rev
> Mb believed it was prob good at time for them--good for their numbers to sell product now as opposed to waiting

3512-003 at 20 (Brooks). The way in which lines are broken up does not render the meaning of these statements "self-evident," as the Government claims. Opp'n at 11. Are Defendants to presume that "Mb knows Recognizing revenue from sales to him" was a *question* by the Government interviewer, rather than a statement that Brooks made, a conclusion that is impossible to draw from the text alone? Moreover, the Government's explanation for the meaning of these statements is largely unhelpful. The Government explains only that these statements "relate[] to, among other things, whether Brooks knows that MiMedx is recognizing revenue from sales to him, and whether it was Brooks' idea to arrange for product swaps in connection with sales." *Id.* Defendants remain unable to understand what, for example, "didn't know if they were RR at $ amount if it was 2.1 or 1.75 bc that's what was keeping MB didn't know how it was gna flush out," means, and the Government is apparently unwilling to provide the answer.

IV. **Any Burden Imposed on the Government is a Product of its Own Making**

The Government's chief reason for refusing to provide information necessary to render its 3500 production comprehensible and usable appears to be that it would be burdensome to do

3

so. But that is a problem of the Government's own making. As set forth in Defendants' moving brief, and for inexplicable reasons, the Government appears to have abandoned its traditional practice of creating and producing formal interview memoranda authored by federal law enforcement in favor of the informal, cryptic notes that comprise the vast majority of 3500 material and are the subject of this motion. Had the Government followed proper practice, it would not be in this position.

## V. Defendants Remain Unable to Identify Documents Referenced in the 3500 Material

The Government's next assertion that "the defense can already identify the documents identified in the 3500 material through the metadata produced by the Government" is simply not true.

Indeed, shortly after the Government filed its opposition, defense counsel discovered another instance in which third-party Bates numbers referenced in 3500 material for a witness the Government has designated as a trial witness were not searchable using the metadata that the Government provided. When defense counsel raised this issue with the Government, the Government responded approximately 30 minutes later with a zip file containing all of the documents shown to the witness and referenced in the 3500 material. In a follow up, defense counsel renewed its request that the Government simply perform this task for all of its trial witnesses, which doesn't appear to take the Government much time at all, but would allow the defense to actually understand and make use of the 3500 material provided, and without unnecessary delay. Talking past defense counsel's request, the Government again assumed that by remedying the problem for one witness, the problem was solved for all witnesses, and invited the defense to continue to request that the Government's complete its disclosure of documents on an *ad hoc* basis. The defense asserts that this is no remedy at all.

The speed in which the Government has responded to such individualized requests—"usually within minutes," as it boasts, Opp'n at 13—undercuts any claim by the Government that it would be burdensome to provide this information for all of the Government's trial witnesses. It is clear that the Government either already has, or can very quickly compile, documents referenced in the 3500 material organized on a witness-by-witness basis, and it should have no issue in providing that information to Defendants.

VI.     **The Government Largely Disregards its *Brady* Obligations, Which Mandate Disclosure of Further Information**

Finally, Defendants are highly troubled that the Government relegates its failure to timely disclose *Brady* material in violation of the Court's rules to a footnote at the end of its brief. *See* Opp'n at 14–15 n.7. The Government fails to even acknowledge the Court's rule requiring disclosure of all *Brady* material (except *Giglio* material) within two weeks of discovery, *see* Your Honor's Individual Rules of Practice R. 13, while lauding itself for making "early" *Brady* disclosures. *Id.* at 3. Yet even the supplemental *Brady* disclosures that the Government references appear to have been made in violation of the Court's rules. The Government's September 11, 2020 *Brady* letter indicates that *all* of the disclosed statements were made to "criminal authorities" several months earlier.[1] These inexcusable failures to comply with the Government's constitutional obligations and the Court's rules highlights Defendants' urgent need for additional information to understand the 3500 material.

Moreover, as set forth in Defendants' moving brief, many of the unclear or incomprehensible statements for which Defendants seek additional information appear to constitute *Brady* or *Giglio* material, and Defendants are entitled to further information,

---

[1]     All of the statements disclosed in the July 9, 2020 *Brady* letter were made years earlier as part of the investigation by the Audit Committee of MiMedx's Board of Directors. It is unclear when the Government discovered these statements.

explanation, and context.  *See United States v. Stewart*, 513 F.2d 957, 960 (2d Cir. 1975) (Government must disclose "the essential facts which would enable [the defendants] to call the witness[es] and thus take advantage of any exculpatory testimony [they] might furnish"); *see also United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007) (stating that "disclosures must be sufficiently specific and complete to be useful" and that without sufficient disclosure, a defendant is left to gamble on what a witness would say").  The Government simply ignored this authority in its Opposition.

*     *     *     *

For the foregoing reasons, and those provided in Defendants' moving brief, Defendants respectfully request that the Court grant Defendants' motion.

Dated: October 18, 2020

Respectfully submitted,

/s/ Eric B. Bruce
Eric B. Bruce
Jennifer B. Loeb
Altin H. Sila
Freshfields Bruckhaus Deringer US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Email: Eric.Bruce@freshfields.com
Email: Jennifer.Loeb@freshfields.com
Email: Altin.Sila@freshfields.com

Matthew I. Menchel
Amanda N. Tuminelli
Kobre & Kim LLP
800 Third Avenue
6th Floor
New York, NY 10022
Telephone: (212) 488-1200
Email: matthew.menchel@kobrekim.com
Email: amanda.tuminelli@kobrekim.com

*Attorneys for Parker H. Petit*

/s/ William D. Weinreb
William D. Weinreb
Michael T. Packard
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Ave., Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Email: billweinreb@quinnemanuel.com
Email: michaelpackard@quinnemanuel.com

William A. Burck
Daniel Koffmann
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: williamburck@quinnemanuel.com
Email: danielkoffmann@quinnemanuel.com

*Attorneys for William Taylor*