```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
UNITED STATES OF AMERICA              :
                                      :
                                      :     19-cr-850 (JSR)
        -v-                           :
                                      :
PARKER H. PETIT and WILLIAM TAYLOR,   :     MEMORANDUM ORDER
                                      :
                                      :
           Defendants.                :
--------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On October 13, 2020, defendants Parker H. Petit and William Taylor filed this joint motion to compel clarification of prior witness statements contained in the Government's recent disclosure under 18 U.S.C. § 3500 ("3500 materials"). Dkt. No. 80. For the reasons set forth below, the motion is granted in part and denied in part.

By way of background, the Government provided its 3500 materials, along with a witness list, on September 21, 2020. Defense counsel complains, however, that the vast majority of the 3500 materials are in the form of "informal, cryptic typewritten or handwritten notes" that are difficult to understand. See Defendants Parker H. Petit and William Taylor's Memorandum of Law in Support of Joint Motion to Compel Clarification of Prior Witness Statements ("Def. Mem."), Dkt. No. 81, at 5. The motion raises three issues.

1

First, the parties disagree over the scope of the Government's responsibility to help the defense make sense of the 3500 materials. The defendants request that the Court order the Government to provide certain clarifications regarding the meaning of its 3500 materials. In particular, defense counsel says that certain documents: (1) make it impossible to know whether some statement is attributable to the interviewee or the interviewer; (2) contain contradictory statements without explanation; or (3) are impossible to fully understand without additional information. Def. Mem. at 7-11. The Government responds that while it is willing to interpret unclear acronyms or illegible words, as the Court previously ordered it to do with respect to its Brady disclosures,[1] it does not have an obligation to provide a narrative account of the notes.

---

[1] Specifically, when faced with a similar issue with the Government's Brady materials, the Court observed that the defense was asking for the Government to "flesh[] out whatever the note-taker meant by the notes taken" and that, if such a request were to be made with respect to 3500 materials, it "would be an automatic" for the Court to order the Government to "tell [Defendants] what [their notes] mean[]." Transcript dated January 23, 2020 ("Tr."), Dkt. No. 32, at 21:2-12. However, the Court explained that it was not convinced that the defense was "entitled to . . . a more generalized narrative." Id. at 21:14-18. Ultimately, the Court ordered the Government to "translate any of the abbreviations or clarify any of the ambiguities and provide all the specifics that might not be crystal clear from the words themselves . . . ." Id. at 25:14-21.

After carefully reviewing the parties' submissions, the Court orders the Government to clarify, at defense counsel's request, whether particular statements in the 3500 materials are statements from the witness, the Government's interpretation or summary of what the witness said, or statements made by the Government during questioning. After all, the requirement to turn over prior witness statements would be rendered nugatory if those statements could be hidden away or otherwise obscured. However, the Government is not required to clarify for the defense those portions of the 3500 materials that supposedly contain contradictory statements or that are supposedly impossible to fully understand without additional information. So long as the defense is able to identify the prior witness statements and those statements are legible and decipherable on their face, the Government is not further required to provide a generalized narrative of the information contained in the 3500 materials.

Second, the defense requests that the Court order the Government to provide a table of the production Bates number for every document shown to a witness as reflected in the 3500 materials. While the Government has been willing to respond to individual inquiries, defense counsel is concerned that asking about particular documents would reveal defense strategy. The Government responds that the defendants have already received

"metadata" with the information necessary to identify any documents referenced in the 3500 materials and that producing defense's requested information would be unduly burdensome. Defense counsel represents, however, that the "metadata" has not consistently enabled them to identify certain documents. Based on that representation, the Court orders the Government provide to defense counsel a table of production Bates numbers for every document shown to the witnesses as reflected in the 3500 materials.

Finally, defense counsel requests that the Court order the Government to disclose the authors of each of the roughly 400 records in the 3500 materials. Because the Government has since agreed to provide this information, see Government's Memorandum of Law in Opposition to the Defendants' Motion to Compel Clarification of Prior Witness Statements, Dkt. No. 89, at 12-13, the Court denies this request as moot.[2]

Mindful, however, that the Government is not strictly speaking required to turn over any 3500 materials until after a witness has testified, see United States v. Percevault, 490 F.2d

---

[2] The defense also complains that the Government's 3500 materials revealed that the Government failed to make timely Brady disclosures. Def. Mem. at 2-3. The Government disputes that this is so. Gov. Mem. at 14 n.7. However, the defense does not seek any specific relief from the Court and instead simply suggests that the Government's failure to make timely Brady disclosures "heightens" their need for the above-described relief.

126, 129 n.4 (2d Cir. 1974), the Court grants the Government until Saturday, October 24, 2020, to complete each of the above-ordered tasks. The Clerk of the Court is directed to close docket entry number 80.

   SO ORDERED

Dated:   New York, NY
          October 19, 2020

_____
United States District Judge