UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>PARKER H. PETIT and<br>WILLIAM TAYLOR<br><br>Defendants. | No. 19 Cr. 850 (JSR) |

# MEMORANDUM OF LAW IN SUPPORT OF
# PARKER H. PETIT'S AND WILLIAM TAYLOR'S MOTION *IN LIMINE*
# TO PRECLUDE TESTIMONY REGARDING CERTAIN INVESTORS

FRESHFIELDS BRUCKHAUS
DERINGER US LLP

Eric B. Bruce
Jennifer B. Loeb
Altin H. Sila
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4577
Eric.Bruce@freshfields.com
Jennifer.Loeb@freshfields.com
Altin.Sila@freshfields.com

KOBRE & KIM LLP

Matthew I. Menchel
Amanda N. Tuminelli
800 Third Avenue
6th Floor
New York, NY 10022
Telephone:  (212) 488-1200
matthew.menchel@kobrekim.com
Amanda.tuminelli@kobrekim.com

*Attorneys for Parker H. Petit*

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

William Weinreb
Michael Packard
111 Huntington Ave., Suite 520
Boston, MA 02199
Tel: (617) 712-7100
Fax: (617) 712-7200
billweinreb@quinnemanuel.com
michaelpackard@quinnemanuel.com

William Burck
Daniel Koffmann
51 Madison Avenue, 22nd Floor
New York, New York
Tel: (212) 849-7000
Fax: (212) 849-7100
williamburck@quinnemanuel.com
danielkoffmann@quinnemanuel.com

*Attorneys for William Taylor*

i

## TABLE OF AUTHORITIES

**Page**

### Cases

*United States v. Brooks*,
   No. S1 06 Cr. 550 (JS), 2010 WL 11515680, at *2 (E.D.N.Y. Jan. 25, 2010) ................... 2

*United States v. Ferguson*,
   676 F.3d 260, 274 (2d Cir. 2011) ....................................................................................... 3

*United States v. Figueroa*,
   618 F.2d 934, 943 (2d Cir. 1980) ....................................................................................... 2

*United States v. Gibson*,
   No. 17 Cr. 126, 2018 WL 4903261, at *4–*5 (E.D. Va. Oct. 9, 2018) .............................. 2

*United States v. Gupta*,
   747 F.3d 111, 131 (2d Cir. 2014) ....................................................................................... 3

*United States v. Ozsusamlar*,
   428 F. Supp. 2d 161, 170 (S.D.N.Y. 2006) ........................................................................ 2

*United States v. Rigas*,
   No. 02 CR. 1236(LBS), 2004 WL 360444, at *1 (S.D.N.Y. Feb. 26, 2004) ...................... 2

Defendants Parker H. Petit and William Taylor respectfully submit this memorandum of law in support of their motion *in limine* to exclude evidence relating to the identities of investors in MiMedx.

**ARGUMENT**

The Court should preclude the government from eliciting testimony or otherwise introducing evidence about the ultimate investors in MiMedx. In particular, the government intends to call as a witness Joe Docter, an asset manager whose hedge fund invested in MiMedx in 2015 and 2016. The government has produced interview notes indicating that Mr. Docter will testify not only that MiMedx's reported revenue figures were important to his firm in deciding whether to invest in MiMedx stock, but that his firm made those investments on behalf of pensions funds for New York City firefighters, police officers, teachers, and other government employees:

> Joseph Docter
>
> NYC Pensions
> 4 different accounts, summing to about $10-12 million, when started in 2012, $20 million in 2017.
> - Fire, Police, Teachers, Employees
> - Funds themselves were headquartered in Lower Manhattan, 1 Center Street, NYC Municipal Bld

3535-005 (Docter, Joe) (attached as Exhibit A). The Court should exclude testimony and evidence about the identity of Mr. Docter's clients, or any other investor's clients, because it is irrelevant, highly prejudicial, and to the extent the government would argue it goes to venue, cumulative.

The identities of actual investors in MiMedx during the time period covered by the indictment are irrelevant. The apparent purpose of Mr. Docter's testimony is to show that MiMedx's reported revenue figures were important to his firm in deciding whether to invest in MiMedx stock. His thinking as an investment adviser and the factors that influenced his decisions

1

to deploy capital may well be relevant to that issue. But the source of the capital is not. *Cf. United States v. Gibson*, No. 17 Cr. 126, 2018 WL 4903261, at *4–*5 (E.D. Va. Oct. 9, 2018) (source of funds had probative value where defendant may have targeted individual parties, but any "negligible" probative value as to materiality would be "substantially outweighed by the danger of eliciting an emotional response from the jury upon hearing about the loss of retirement funds sustained by victims").[1]

Moreover, the risk of unfair prejudice substantially outweighs any probative value of the identities of Mr. Docter's investors. It is appropriate under Rule 403 to exclude evidence that has "an undue tendency to suggest decision on an . . . emotional" basis. *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 170 (S.D.N.Y. 2006). The suggestion that the alleged fraud in this case harmed firefighters, police officers, teachers, and other New York City employees is exactly the kind of evidence that needlessly and improperly risks "excit[ing] [the jury's] emotions against the defendant." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980); *see also United States v. Brooks*, No. S1 06 Cr. 550 (JS), 2010 WL 11515680, at *2 (E.D.N.Y. Jan. 25, 2010) (precluding investors from testifying about investment losses and the personal impact of those losses because testimony "regarding their losses, and how these losses affected their lives, may mislead the jury to declare guilt on a ground different" from proof of the charged offense); *United States v. Rigas*, No. 02 CR. 1236 (LBS), 2004 WL 360444, at *1 (S.D.N.Y. Feb. 26, 2004) (allowing testimony of shareholder to show reliance where government "asserted that it would not attempt to elicit testimony as to the impact of this loss on the witness"). Any attempt by the government to elicit the particular identities of Mr. Docter's investors would inflame the jury's emotions rather than

---

[1] Unless otherwise noted, we have omitted internal citations, quotation marks, and alterations from citations in this brief.

inform their decision-making process on a relevant issue.  That is improper.  *See United States v. Ferguson*, 676 F.3d 260, 274 (2d Cir. 2011) (government's "exploit[ation]" of materiality evidence to "emphasize the losses caused by the transaction" served only to "humanize its prosecution, not to complete the narrative of its case").

Nor can the government justify the admission of this evidence on the basis that it is probative of venue.  The Indictment alleges multiple overt acts that took place in New York City.  Indictment ¶¶ 66(a), (c), (d).  It alleges that MiMedx stock traded on the NASDAQ.  *Id.* ¶ 1.  The notion that the government needs to insinuate that Mr. Petit and Mr. Taylor harmed retired New York City firefighters, police, and teachers in order to prove venue is absurd.  Rule 403 bars admission of cumulative evidence such as this, particularly where it is so likely to inflame jurors' passions.  *United States v. Gupta*, 747 F.3d 111, 131 (2d Cir. 2014) (Rule 403 permits excluding evidence if "its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence.")

## **CONCLUSION**

For the foregoing reasons, the Court should preclude Mr. Docter or any other witness from testifying about the identities of investors in MiMedx.

Dated: October 22, 2020

| | |
|---|---|
| FRESHFIELDS BRUCKHAUS DERINGER US LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| /s/ Eric B. Bruce | /s/ William Weinreb |
| Eric B. Bruce<br>Jennifer B. Loeb<br>Altin H. Sila<br>700 13th Street, NW<br>10th Floor<br>Washington, DC 20005<br>Telephone: (202) 777-4577<br>Eric.Bruce@freshfields.com<br>Jennifer.Loeb@freshfields.com<br>Altin.Sila@freshfields.com | William Weinreb<br>Michael Packard<br>111 Huntington Ave., Suite 520<br>Boston, MA 02199<br>Tel: (617) 712-7100<br>Fax: (617) 712-7200<br>billweinreb@quinnemanuel.com<br>michaelpackard@quinnemanuel.com |
| KOBRE & KIM LLP | William Burck<br>Daniel Koffmann<br>51 Madison Avenue, 22nd Floor<br>New York, New York<br>Tel: (212) 849-7000<br>Fax: (212) 849-7100<br>williamburck@quinnemanuel.com<br>danielkoffmann@quinnemanuel.com |
| Matthew I. Menchel<br>Amanda N. Tuminelli<br>800 Third Avenue<br>6th Floor<br>New York, NY 10022<br>Telephone: (212) 488-1200<br>matthew.menchel@kobrekim.com<br>amanda.tuminelli@kobrekim.com | *Attorneys for William Taylor* |
| *Attorneys for Parker H. Petit* | |