UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :
            -v.-                  :    19 Cr. 850 (JSR)
                                  :
PARKER H. PETIT and               :
WILLIAM TAYLOR,                   :
                                  :
            Defendants.           :
------------------------------------------------------x


# GOVERNMENT'S SUPPLEMENTAL
# SENTENCING MEMORANDUM ON RESTITUTION

AUDREY STRAUSS
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Edward Imperatore
Scott Hartman
Daniel Tracer
Assistant United States Attorneys
    *Of Counsel*

# TABLE OF CONTENTS

PROCEDURAL HISTORY ........................................................................................................ 1

LEGAL STANDARD .............................................................................................................. 2

DISCUSSION ........................................................................................................................ 6

    MiMedx Is Entitled to Restitution ..................................................................................... 6

    MiMedx's Claimed Expenses Are Properly Recoverable under the MVRA ............................ 8

CONCLUSION ...................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*In re Wellcare Health Plans, Inc.*, 754 F.3d 1234 (11 Cir. 2014) ............................................... 4, 5

*Lagos v. United States*, 138 S. Ct. 1684 (2018) ................................................................................ 5

*United States v. Afriyie*, No. 16 Cr. 377 (PAE), 2020 WL 634425 (S.D.N.Y. Feb. 11, 2020) ... 6, 8

*United States v. Block*, No. 16 Cr. 595 (JPO), 2018 WL 722854 (S.D.N.Y. Feb. 6, 2018) ........... 5

*United States v. Chinea et al.*, 14 Cr. 240 (DLC) ....................................................................... 5, 7

*United States v. Cummings*, 189 F. Supp. 2d 67 (S.D.N.Y. 2002) ................................................. 4

*United States v. Cuti*, 778 F.3d 83 (2d Cir 2014) ...................................................................... 3, 6

*United States v. Dupes*, 513 F.3d 338 (2d Cir. 2008) ..................................................................... 3

*United States v. Maynard*, 743 F.3d 374 (2d Cir. 2014) ................................................................ 3

*United States v. Napout*, No. 15 Cr. 252 (PKC), 2018 WL 6106702 (E.D.N.Y. Nov. 20, 2018)….
..................................................................................................................................................... 6, 8

*United States v. Reifler*, 446 F.3d 65 (2d Cir. 2006) ..................................................................... 7

*United States v. Skowron*, 529 Fed. App'x 71 (2d Cir. 2013) .................................................... 3, 6

**Statutes**

Title 18, United States Code, Section 3663A ..................................................................... 1, 2, 3, 6

Title 18, United States Code, Section 3664 ..................................................................................... 1

The Government respectfully submits this supplemental memorandum in connection with the sentencing of defendant Parker H. Petit and William Taylor to seek the imposition of an order of restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. On February 23 and 24, the Court sentenced Petit and Taylor, respectively, to 12 months' imprisonment. Under the MVRA, restitution issues must be resolved within 90 days of sentencing. 18 U.S.C. § 3664(d)(5). Accordingly, any restitution ordered against Petit and Taylor must be imposed by May 24 (for Petit) and May 25 (for Taylor). For the reasons set forth below, the Court should impose joint and several liability on both defendants for restitution to MiMedx Group, Inc. ("MiMedx") in the amount of $42,042,157.31.

## PROCEDURAL HISTORY

On November 19, 2020, following a four-week jury trial, Petit was found guilty of one count of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, and Taylor was found guilty of one count of conspiracy to commit securities fraud, to make false filing with the U.S. Securities and Exchange Commission, and to mislead the conduct of audits, in violation of 18 U.S.C. § 371. These convictions stemmed from the defendants' participation in a scheme to fraudulently inflate MiMedx's revenue for the second, third, and fourth quarters of 2015, and the full year 2015, by entering into undisclosed side agreements with four of MiMedx's distributors. At the time, Petit was MiMedx's chief executive officer and Taylor was MiMedx's chief operating officer. At sentencing, on February 23 and 24, the Court held open the issue of restitution and the parties subsequently agreed to a briefing schedule to address restitution.

On March 29, 2021, MiMedx submitted a formal request for restitution which was made available to all parties and the Court.[1] (the "MiMedx Req." or the "Request").  Through the Request, MiMedx seeks restitution for four categories of costs that the company had incurred in connection with the Government's pre-trial investigation and trial of the defendants. Specifically, MiMedx seeks restitution for (i) costs incurred in responding to Government requests during the investigation and prosecution (MiMedx Req. 6-7); (ii) costs incurred in advancing legal fees and expenses to counsel for the defendants (MiMedx Req. 7-8); (iii) costs incurred in preparing current and former MiMedx employees to meet with the Government and testify (MiMedx Req. 8-10); and (iv) costs incurred in making its claim for restitution (MiMedx Req. 10).  MiMedx's Request included 22 sets of backup billing records in support of its requests for legal fees and seeks a total of $42,042,157.31.

## LEGAL STANDARD

Title 18, United States Code, Section 3663A provides that a sentencing court, for defendants convicted of offenses described in 18 U.S.C. § 3663A(c), "shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense, or if the victim is deceased, to the victim's estate."  The offenses set forth in 18 U.S.C. § 3663A(c) include, inter alia, "an offense against property under this title [i.e., Title 18 of the United States Code] . . . including an offense committed by fraud or deceit." A "victim," for purposes of the restitution statute, is a person "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered, including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any

---

[1] MiMedx subsequently amended the Request on April 5 to lower the amount of restitution it was seeking.

person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). The Second Circuit has noted that "[t]he [Mandatory Victim Restitution Act] makes full restitution mandatory for ... securities fraud." *United States v. Dupes*, 513 F.3d 338, 345 (2d Cir. 2008).

Restitution is proper even where the victim of the offense was a corporate entity that employed the defendant, and where the corporate entity-victim itself could be held liable under principles of corporate criminal liability. For example, the Second Circuit affirmed the imposition of restitution to a corporate employer in *United States v. Cuti*, 778 F.3d 83 (2d Cir 2014). Anthony Cuti was the chief executive officer of Duane Reade, which operated a chain of pharmacies. *Id*. at 87. Cuti was convicted after a trial of a number of counts stemming from two fraudulent accounting schemes designed to inflate Duane Reade's reported earnings. *Id*. Judge Batts ordered Cuti to pay restitution to Duane Reade to cover, among other things, legal fees paid to counsel for Duane Reade's employees and legal fees related to Duane Reade's participation in the investigation and prosecution of the criminal case against Cuti. *Id*. at 89. The Court of Appeals held that legal fees paid for individual employee counsel that resulted from assistance provided to the government "are appropriately included in a restitution order. . . ." *Id*. at 93. The Court of Appeals further held that "[i]f the purpose of an internal investigation is to uncover or investigate fraud 'when faced with evidence, indicia, or a grounded suspicion of internal misconduct,' then such expenses are properly deemed expenses that a 'victim was required to incur to advance the investigation or prosecution of the offense,' and thus subject to restitution." *Id*. at. 94 (citing *United States v. Maynard*, 743 F.3d 374, 381 (2d Cir. 2014)); *see also United States v. Skowron*, 529 Fed. App'x 71 (2d Cir. 2013) (upholding restitution award to corporate entity that was previously the defendant's employer of attorneys' fees and costs the employer

3

incurred as a result of an SEC investigation that led to the filing of criminal charges against the defendant, as well as attorneys' fees and costs advanced to other employees of the corporate entity). Although not raised by the parties, the *Cuti* Court assumed that restitution payments to a corporate employer that bore potential criminal liability were proper.

Similarly, in *United States v. Cummings*, 189 F. Supp. 2d 67, 69-70 (S.D.N.Y. 2002), the Chief Financial Officer of Aurora Foods Inc. pled guilty to, among other things, conspiring to conceal an underaccrual of a particular expense line item, including in quarterly reports filed with the SEC. As a result of Cummings's criminal conduct, Aurora was required to restate its financial statements for two fiscal years. *Id*. at 70. Judge Cote held that Aurora was a victim of the underaccrual conduct and that the costs of the restatements could be recouped as restitution. *Id*. at 75-77. In particular, Judge Cote concluded that "[i]t was reasonably foreseeable that a restatement would be necessary when the underaccrual was eventually disclosed, and there were no intervening causes between Cumming's conduct and Aurora's need to file a restatement." *Id*. at 78.

In contrast, certain out-of-circuit cases as well as local district court cases have denied restitution where the victim is a corporate entity that could have been criminally charged for the defendant's conduct. For example, in *In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1235-36 (11 Cir. 2014), the Government filed a criminal information charging the corporate entity with conspiring through its former officers and employees to defraud various Florida healthcare programs. Wellcare entered into a deferred prosecution agreement with the Government, in which it stipulated to its participation in a fraudulent scheme and agreed to itself make restitution. *Id*. Certain officers of Wellcare were later convicted of criminal offenses at trial and Wellcare sought restitution from these defendants. *Id*. at 1236. The Eleventh Circuit held that

4

Wellcare was not a victim of the defendants' offense, but rather was an admitted co-conspirator in the fraudulent conduct.  *Id*. at 1239-40 ("[A] perpetrator cannot be his own victim"); *see also United States v. Block*, No. 16 Cr. 595 (JPO), 2018 WL 722854, at *1 (S.D.N.Y. Feb. 6, 2018) (denying request for restitution to defendants' corporate employer where the employer could be held criminally liable).

Restitution has also been denied when a closely-held, private company sought restitution from former corporate officer and employee defendants.  In *United States v. Chinea et al*., 14 Cr. 240 (DLC), Judge Cote denied restitution sought by Direct Access Partners ("DAP") after the conviction of five officers and employees of DAP, including the Chief Executive Officer, who owned approximately 40% of DAP's outstanding shares.  Judge Cote noted that the Second Circuit has spoken "quite firmly that when a co-conspirator is involved, it cannot recover restitution under these statutes."  *See* Sentencing Transcript at 13.  Judge Cote said that "[i]f there is a case in which a corporation can be seen as a co-conspirator, this is one of those cases" given DAP's status as a "closely-held corporation dominated by [one of the defendants] who was a key conspirator in the scheme" along with "other executives or principal employees."  *Id*.  Judge Cote said that she did not need "to figure out where the law draws the line when it comes to corporate misbehavior between being a victim and being a co-conspirator" because "[w]herever that line must be, I know which side we're on."  *Id.*

In *Lagos v. United States*, 138 S. Ct. 1684, 1688 (2018), the Supreme Court held that the MVRA only applies to expenses incurred during a victim's participation in "government investigations and criminal proceedings."  Applying *Lagos*, courts in this District have found that the MVRA allows a company to recover expenses spent on responding to Government requests, advancing a defendant's legal fees, preparing witnesses for trial, and preparing a restitution

5

submission for the Court.  *See, e.g.*, *United States v. Afriyie*, No. 16 Cr. 377 (PAE), 2020 WL 634425, at *2 (S.D.N.Y. Feb. 11, 2020) (granting restitution to defendant's employer for expenses incurred responding to Government requests, preparing witnesses for trial, and submitting request for restitution); *United States v. Napout*, No. 15 Cr. 252 (PKC), 2018 WL 6106702, at *4 (E.D.N.Y. Nov. 20, 2018) (granting restitution for costs of witness preparation and submitting request for restitution).

## DISCUSSION

### MiMedx Is Entitled to Restitution

The Court should find that MiMedx is entitled to restitution as a victim of the defendants' crimes under the MVRA.  As detailed in the MiMedx Request, there can be no serious dispute that MiMedx incurred substantial costs as a direct result of responding to requests by the Government in connection with the Government's investigation and prosecution of this matter.  For instance, in response to requests by the Government, attorneys for MiMedx were involved in communicating with the Government, providing documents and work product to the Government, and preparing witnesses to meet with the Government over a multi-year period.  (MiMedx Req. 1-2, 6-7).  MiMedx was also required to expend resources to file its claim for restitution.  MiMedx was thus "directly and proximately harmed as a result of the commission of" the defendants' offenses.  18 U.S.C. § 3663A(a)(2).

The fact that MiMedx itself could have been held liable under agency principles for the defendants' crimes should not bar the imposition of restitution.  The Second Circuit has permitted recovery under materially similar circumstances.  *See Cuti*, 778 F.3d at 89; *Skowron*, 529 Fed. App'x at 74-75.  *Cuti*, like this case, involved an award of restitution to the defendant's corporate employer in the context of an accounting fraud scheme.  To the extent that other cases

have barred recovery to companies that could be criminally charged, those cases are neither controlling nor persuasive. For instance, this case does not involve a closely-held corporation where the defendants were an alter ego of the company. *See Chinea et al.*, 14 Cr. 240. Instead, this case involved harm inflicted to a diverse base of shareholders who owned MiMedx's publicly-traded stock. As the Court found at sentencing, MiMedx's shareholders were harmed by hundreds of millions of dollars as a result of the defendants' conduct in this case. The Government's proposed order of restitution would provide some measure of recompense to those victims by repaying a portion of the company's losses for its cooperation with the Government's investigation into that wrongdoing.

The fact that this case involves a public corporate entity with many shareholders who have no role in the operation of the company also distinguishes this case from the cases relied upon by Judge Oetken in *Block* to bar restitution to a corporate employer, including principally, *United States v. Reifler*, 446 F.3d 65, 127 (2d Cir. 2006). In *Reifler*, the Second Circuit held that it was a "fundamental" error to include co-conspirators in a restitution order inasmuch as it would lead to payments to wrongdoers who made the crime itself possible. *Id. Reifler*, however, involved individual co-conspirators who had engaged in wrongdoing rather than a corporation which can be held liable under corporate liability principles but whose shareholders suffer the true pecuniary loss. Providing compensation for the benefit of harmed shareholders does not violate these "fundamental" principles. Cases from out of circuit holding to the contrary are not binding and are unpersuasive inasmuch as they treat a corporate entity as an actual wrongdoer and they fail to take into account the scope of the harm to a publicly-traded company like MiMedx that arises as a result of the malfeasance of its officers. (MiMedx Req. 10-12 (describing the substantial economic harm sustained by MiMedx as a result of the defendant's

7

conduct)). Accordingly, MiMedx is a victim of the defendants' crimes and is entitled to restitution.

### MiMedx's Claimed Expenses Are Properly Recoverable under the MVRA

The costs that MiMedx seeks to recoup are properly compensable under *Lagos* and its progeny. As MiMedx's Request makes clear, its request is limited to those costs that are directly attributable to its cooperation with the Government's investigation and prosecution. For instance, documents from MiMedxs were provided at the request of the Government and witness meetings and testimony from MiMedx employees were all provided at the Government's request. *See Afriyie*, 2020 WL 634425, at *2; *Napout*, 2018 WL 6106702, at *4. The costs at issue do not include those incurred by MiMedx prior to the Government's reaching out to MiMedx, and do not include other forms of legal fees that were brought about by the defendants' conduct that are not directly attributable to the Government's investigation, such as MiMedx's internal investigation costs or those associated with private litigation. (MiMedx Req. 10-12). MiMedx's requests also do not entail undue complication as they are based on billing records all of which have been provided to the Court and the parties. Accordingly, the Requests are all proper and should be included in the Court's order of restitution.

## CONCLUSION

For the reasons stated above, the Court should order that Petit and Taylor pay restitution joint and severally in the amount of $42,042.157.31 to MiMedx.

Dated: New York, New York
April 9, 2021

                                    Respectfully submitted,

                                    AUDREY STRAUSS
                                  United States Attorney for the
                                  Southern District of New York

By:   /s/_____
     Edward Imperatore
     Scott Hartman
     Daniel Tracer
     Assistant United States Attorneys
     Tel.: 212-637-2327/2357/2329