UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

PARKER H. PETIT and WILLIAM TAYLOR,

Defendants.

No. 19-cr-850 (JSR)

**DEFENDANT PARKER H. PETIT'S RESPONSE TO MIMEDX'S AND THE GOVERNMENT'S RESTITUTION SUBMISSIONS**

SHAPIRO ARATO BACH LLP
Alexandra A.E. Shapiro
Daniel J. O'Neill
500 Fifth Avenue, 40th Floor
New York, New York 10110
(212) 257-4880
ashapiro@shapiroarato.com
doneill@shapiroarato.com

*Attorneys for Defendant Parker H. Petit*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

BACKGROUND ........ 1

ARGUMENT ........ 2

A. The Court Lacks Authority To Impose Restitution on Mr. Petit ........ 2

B. MiMedx's Request For A Restraining Order Should Also Be Denied ........ 8

CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hughey v. United States*,
495 U.S. 411 (1990) .......... 2, 6

*United States v. Abreu-Cabrera*,
64 F.3d 67 (2d Cir. 1995) .......... 8

*United States v. Acord*,
790 F. App'x 18 (5th Cir. 2020) .......... 3, 7

*United States v. Adams*,
955 F.3d 238 (2d Cir. 2020) .......... 2, 3

*United States v. Afriyie*,
No. 16-CR-377 (PAE), 2020 WL 634425 (S.D.N.Y. Feb. 11, 2020) .......... 4

*United States v. Blanchard*,
618 F.3d 562 (6th Cir. 2010) .......... 3

*United States v. Bok*,
156 F.3d 157 (2d Cir. 1998) .......... 3

*United States v. Cummings*,
189 F. Supp. 2d 67 (S.D.N.Y. 2002) .......... 4, 7

*United States v. Cuti*,
No. 08 Cr. 972 DAB, 2011 WL 3585988 (S.D.N.Y. July 29, 2011) .......... 4, 5, 6, 7

*United States v. Dean*,
64 F.3d 660 (4th Cir. 1995) (unpublished decision) .......... 3

*United States v. Dorcely*,
454 F.3d 366 (D.C. Cir. 2006) .......... 3, 6

*United States v. Dupes*,
513 F.3d 338 (2d Cir. 2008) .......... 5

*United States v. Elias*,
269 F.3d 1003 (9th Cir. 2001) .......... 3, 7

*United States v. Fore*,
169 F.3d 104 (2d Cir. 1999) .......... 3

*United States v. Frith*,
461 F.3d 914 (7th Cir. 2006) .......... 3

*United States v. Gottesman*,
122 F.3d 150 (2d Cir. 1997) .......... 2, 3

*United States v. Gupta*,
25 F. Supp. 2d 581 (S.D.N.Y. 2013) .......... 4, 5

*United States v. Guthrie*,
64 F.3d 1510 (10th Cir. 1995) .......... 3

*United States v. Hassebrock*,
663 F.3d 906 (7th Cir. 2011) .......... 3

*United States v. Helmsley*,
941 F.2d 71 (2d Cir. 1991) .......... 3

*United States v. Hesser*,
800 F.3d 1310 (11th Cir. 2015) .......... 3

*United States v. Jewell*,
No. 4:07CR00103 JLH, 2009 WL 1010877 (E.D. Ark. Apr. 15, 2009).......... 7

*United States v. McArthur*,
108 F.3d 1350 (11th Cir. 1997) .......... 6

*United States v. Mucciante*,
1 F.3d 1228 (2d Cir. 1994) .......... 7

*United States v. Quarrell*,
310 F.3d 664 (10th Cir. 2002) .......... 3

*United States v. Razzouk*,
984 F.3d 181 (2d Cir. 2020) .......... 6

*United States v. Reifler*,
446 F.3d 65 (2d Cir. 2006) .......... 2

*United States v. Rich*,
603 F.3d 722 (9th Cir. 2010) .......... 6

*United States v. Singh*,
390 F.3d 168 (2d Cir. 2004) .......... 7

*United States v. Stout*,
32 F.3d 901 (5th Cir. 1994) .......... 3

*United States v. Wenger*,
No. 2:99-CR-00260 PGC, 2004 WL 724458 (D. Utah Jan. 30, 2004) ..................................... 4

*United States v. Werber*,
51 F.3d 342 (2d Cir. 1995) ..................................................................................... 8

*United States v. Yielding*,
657 F.3d 688 (8th Cir. 2011) ................................................................................... 7

**Statutes, Regulations and Rules**

15 U.S.C. §78j ............................................................................................. 1

15 U.S.C. §78ff ............................................................................................ 1

18 U.S.C. §2 ................................................................................................ 7

18 U.S.C. §371 ......................................................................................... 1, 3, 5

18 U.S.C. §1343 ........................................................................................... 5

18 U.S.C. §3553 ........................................................................................... 8

18 U.S.C. §3563 ........................................................................................... 8

18 U.S.C. §3583 ........................................................................................... 8

18 U.S.C. §3663 (Victim and Witness Protection Act) ........................................ *passim*

18 U.S.C. §3663A (Mandatory Victims Restitution Act) ...................................... *passim*

18 U.S.C. §3664 ........................................................................................... 2

17 C.F.R. §240.10b–5 .................................................................................... 1

Fed. R. Crim. 35 ........................................................................................... 8

Fed. R. Crim. 36 ........................................................................................... 8

**Other Authorities**

Gov't Supp. Sent. Mem., *United States v. Cuti*,
No. 08 Cr. 972 (DAB) (S.D.N.Y.), ECF No. 126 .................................................... 5

Gov't Supp. Sent. Subm., *United States v. Cuti*,
No. 08 Cr. 972 (DAB) (S.D.N.Y.), ECF No. 152 .................................................... 5

The restitution request that MiMedx Group, Inc. ("MiMedx") has put forward is astonishing in its size, its complexity, and the range of expenses for which MiMedx claims a right to reimbursement. But as it pertains to defendant Parker H. Petit, the request suffers from an even more basic and glaring defect: Because Mr. Petit was convicted of Title 15 securities fraud only—not any offense under Title 18—*as a matter of law the Court lacks authority to order him to pay restitution*. The Mandatory Victims Restitution Act ("MVRA") says so in black and white. Yet, astoundingly, whether out of negligence or a single-minded purpose to exact a further toll on Mr. Petit, neither MiMedx nor the government acknowledges this dispositive legal bar in their submissions to this Court. The Court should reject MiMedx's illegitimate request for restitution against Mr. Petit in its entirety.

**BACKGROUND**

The Court is by now well familiar with this case. At trial the jury was presented with two charges for each defendant. Count One charged a conspiracy under 18 U.S.C. §371 with multiple objects, and Count Two charged the substantive offense of securities fraud in violation of 15 U.S.C. §§78j(b) & 78ff and 17 C.F.R. §240.10b–5. (Ct. Jury Instructions at 15-29, ECF No. 127; *see* Indictment, ECF No. 1). The jury deliberated for two and a half days and delivered its verdict on November 19, 2020. As to Mr. Petit, the jury acquitted on the conspiracy count but convicted on Count Two, the substantive Title 15 offense. (Jury Verdict, ECF No. 121). It reached the opposite verdict as to co-defendant William Taylor, finding him guilty of conspiracy but acquitting him of securities fraud. (*Id.*).

The government represented that it was not seeking restitution. (PSR at 12, ECF No. 141). But just one week before sentencing it reversed course, claiming it needed additional time to "consider[] restitution-related issues." (Gov't Sent. Mem. at 36, ECF No. 145). For weeks thereafter, the government took no action, notwithstanding its burden of proof on this issue. *See*

18 U.S.C. §3664(e). Then, five weeks after Mr. Petit was sentenced, MiMedx lodged its own restitution request on March 29, 2021, claiming it is owed over $42 million for various attorneys' fees and other legal expenses ("MiMedx Ltr."). The government has since endorsed MiMedx's request in its entirety. (Gov't Supp. Sent. Mem. Restitution, ECF No. 163 ("Gov't Mem.")).

## ARGUMENT

### A. The Court Lacks Authority To Impose Restitution On Mr. Petit

"Federal courts have no inherent power to order restitution. Such authority must be conferred by Congress through statute." *United States v. Gottesman*, 122 F.3d 150, 151 (2d Cir. 1997) (quotation marks omitted); *accord United States v. Reifler*, 446 F.3d 65, 127 (2d Cir. 2006). MiMedx and the government both purport to rely on the MVRA. But every court to consider the issue has concluded that the MVRA does not authorize a court to impose restitution on a defendant like Mr. Petit who was convicted of Title 15 securities fraud only.

By its clear and unambiguous terms, the MVRA applies only in "sentencing proceedings for convictions of … an offense against property *under this title* [*i.e.*, Title 18]" or of certain other specified crimes not charged here. 18 U.S.C. §3663A(c)(1) (emphasis added). Its discretionary corollary, the Victim and Witness Protection Act ("VWPA"), similarly authorizes restitution only "when sentencing a defendant convicted of an offense *under this title*" (again referring to Title 18) or certain drug and transportation law offenses. 18 U.S.C. §3663(a)(1)(A) (emphasis added). The "under this title" limitation in these statutes is not an idle modifier; it cabins the Court's authority and precludes it from ordering restitution for any non-Title 18 offense beyond the handful of other specified crimes. *See*, *e.g.*, *Hughey v. United States*, 495 U.S. 411, 412 (1990) (VWPA applies only "when sentencing defendants convicted of certain offenses"); *United States v. Adams*, 955 F.3d 238, 250 (2d Cir. 2020) (district court lacked authority under MVRA and VWPA to order restitution for Title 26 offenses); *United States v.*

*Fore*, 169 F.3d 104, 110 (2d Cir. 1999) (reversing restitution order because VWPA "deprives the district court of the power to order restitution for … social security fraud convictions"); *United States v. Bok*, 156 F.3d 157, 166 (2d Cir. 1998) (VWPA authorizes restitution only "when the defendant is convicted of a specified collection of statutes"); *Gottesman*, 122 F.3d at 151-53 (vacating restitution order in tax case because "the tax crimes of Title 26 are not listed" in VWPA and the plea agreement "did not contemplate court-ordered restitution"); *United States v. Helmsley*, 941 F.2d 71, 101 (2d Cir. 1991) (VWPA "authorize[s] restitution only for violations of Title 18 of the United States Code and for certain [other] offenses").[1] A sentencing court thus "exceed[s] its authority" if it purports to order restitution for any offense not explicitly covered by the MVRA or VWPA. *Adams*, 955 F.3d at 250.

For this reason, every court that has addressed restitution in this precise context has concluded that a conviction for Title 15 securities fraud, by itself, does not permit the sentencing court to order restitution under the MVRA (or the VWPA, for that matter). *See United States v. Acord*, 790 F. App'x 18, 19 (5th Cir. 2020) (vacating restitution order because "[n]either [the MVRA nor the VWPA] authorizes a restitution award for violations of Title 15"); *United States v. Frith*, 461 F.3d 914, 919 (7th Cir. 2006) (district court could not order restitution under

[1] Other circuits are firmly in accord. *See*, *e.g.*, *United States v. Hesser*, 800 F.3d 1310, 1332 (11th Cir. 2015) ("[A] district court is only authorized to order restitution in the amount of the actual losses the defendant causes in committing a Title 18 offense."); *United States v. Hassebrock*, 663 F.3d 906, 923 (7th Cir. 2011) (restitution "not permitted" under MVRA or VWPA "for offenses that fall within Title 26"); *United States v. Blanchard*, 618 F.3d 562, 577 (6th Cir. 2010) (restitution for tax offense "not authorized" under MVRA and VWPA); *United States v. Dorcely*, 454 F.3d 366, 376-77 (D.C. Cir. 2006) (restitution under MVRA "unwarranted" because defendant was not "convicted of an 'offense described in subsection (c)'"); *United States v. Elias*, 269 F.3d 1003, 1021 (9th Cir. 2001) ("plain error" to impose restitution because VWPA "only authorizes imposition of restitution for violations of Title 18 and certain other provisions not applicable here, whereas [defendant's] crimes were violations of Title 42"); *United States v. Dean*, 64 F.3d 660 (4th Cir. 1995) (unpublished decision) (restitution award under VWPA for offense not in Titles 18 or 49 "was without statutory authorization"); *United States v. Guthrie*, 64 F.3d 1510, 1514 (10th Cir. 1995) (VWPA permits restitution "only when the defendant's offense is an offense under either Title 18 or Title 49") (quotation marks omitted); *United States v. Stout*, 32 F.3d 901, 905 (5th Cir. 1994) (same). *Cf. United States v. Quarrell*, 310 F.3d 664, 677 (10th Cir. 2002) (even though defendants were convicted for a Title 16 offense, separate conspiracy conviction under §371 "satisfied the 'under this title' requirement of the MVRA").

MVRA or VWPA because defendant was "convicted of two Title 15 crimes" only); *United States v. Cuti*, No. 08 Cr. 972 DAB, 2011 WL 3585988, at *6 n.9 (S.D.N.Y. July 29, 2011) (MVRA and VWPA "do not apply" to defendant convicted only of Title 15 offense); *United States v. Wenger*, No. 2:99-CR-00260 PGC, 2004 WL 724458, at *6 (D. Utah Jan. 30, 2004) (no statutory "authorization for restitution for title 15 offenses"); *United States v. Cummings*, 189 F. Supp. 2d 67, 73 (S.D.N.Y. 2002) (VWPA does not authorize restitution "for a substantive violation of the securities laws"). Because Mr. Petit "was only convicted of the substantive offense of Securities Fraud, a Title 15 offense," and not a Title 18 offense or other offense listed in the restitution statutes, this Court cannot impose restitution on him under either the MVRA or the VWPA. *Cuti*, 2011 WL 3585988, at *6 n.9.

MiMedx obscures this fundamental statutory limitation on the Court's restitution authority. MiMedx acknowledges that the MVRA applies only to "defendants convicted of a listed range of offenses," yet it conspicuously neglects to list those offenses. (MiMedx Ltr. at 2). MiMedx also asserts that the MVRA "require[es] restitution to the victim of '*any* offense committed by fraud or deceit'" (*id.*), but selectively omits the pivotal "under this title" qualifier from its quotation. *See* 18 U.S.C. §3663A(c)(1)(A)(ii) (MVRA applies to "offense[s] against property *under this title* … including any offense committed by fraud or deceit") (emphases added). And MiMedx asserts that "securities fraud and conspiracy to commit securities fraud" are among the offenses for which restitution is required (MiMedx Ltr. at 2), yet fails to mention that in both of the cases it cites restitution was available only because—unlike here—the defendant was convicted of a Title 18 offense *in addition* to a substantive securities fraud offense under Title 15. *See United States v. Afriyie*, No. 16-CR-377 (PAE), 2020 WL 634425 (S.D.N.Y. Feb. 11, 2020) (§1343 wire fraud); *United States v. Gupta*, 925 F. Supp. 2d 581 (S.D.N.Y. 2013)

(§371 conspiracy).[2] MiMedx cites no authority that would permit this Court to award restitution under the MVRA against a defendant who was convicted only of Title 15 securities fraud, and there is none.

In fact, in *Cuti*, a case on which the government relies, the court held that restitution is unauthorized as to Title 15 in this exact situation. (Gov't Mem. at 3-4, 6). As here, *Cuti* involved two co-defendants with divergent verdicts: The jury convicted defendant William Tennant of the substantive offense of Title 15 securities fraud and acquitted him of a Title 18 conspiracy count, while finding defendant Anthony Cuti guilty of both the conspiracy and substantive offenses. *See* Verdict Form, *United States v. Cuti*, No. 08 Cr. 972 (DAB) (S.D.N.Y. June 8, 2010), ECF No. 188-1. Bound by the MVRA, Judge Batts ordered restitution against Cuti but held that she could not impose restitution against Tennant: "The [MVRA] and the [VWPA] do not apply to Defendant Tennant because those statutes only provide for restitution after conviction for a Title 18 offense. Defendant Tennant was only convicted of the substantive offense of Securities Fraud, a Title 15 offense." *Cuti*, 2011 WL 3585988, at *6 n.9. That ruling was noncontroversial; indeed, the government readily conceded in *Cuti* that restitution was "not available against [Tennant] under either the MVRA or the VWPA because he was not convicted of an offense under Title 18." Gov't Supp. Sent. Subm. re Restitution at 1 n.1, ECF No. 152; *see* Gov't Supp. Sent. Mem. at 15, ECF No. 126 (MVRA and VWPA "do not apply to [Tennant] because those statutes only provide for restitution after conviction for a Title 18 offense (such as conspiracy), and he was only convicted of the substantive offense of Securities Fraud, a Title 15

[2] In like manner, the government cites *United States v. Dupes*, 513 F.3d 338 (2d Cir. 2008), for the proposition that the MVRA "makes full restitution mandatory for ... securities fraud." (Gov't Mem. at 3). But just as in *Gupta*, the defendant in *Dupes* was convicted of *both* Title 18 conspiracy and Title 15 securities fraud, making restitution mandatory under the MVRA. *Id.* at 341. Needless to say, and contrary to the government's suggestion, the Court did not hold that the MVRA authorizes restitution for Title 15 securities fraud absent a conviction for conspiracy or some other Title 18 offense. Indeed, that issue was not even presented in *Dupes*, which addressed only whether the *Apprendi* doctrine applies to restitution.

offense"). The government's implicit about-face when urging restitution against Mr. Petit is not only legally baseless but irreconcilable with the position it took in *Cuti*.

Moreover, the fact that Mr. Petit's co-defendant was convicted of the Title 18 offense is entirely irrelevant. Whether and to what extent a defendant can be ordered to pay restitution is determined by his *own* offense of conviction, not the conviction of any other defendant. *See Hughey*, 495 U.S. at 416 (VWPA "link[s] restitution to the offense of conviction"); *United States v. Razzouk*, 984 F.3d 181, 186 (2d Cir. 2020) (sentencing court must analyze the offense of conviction to determine whether "the MVRA requires the court to enter a related order of restitution"). By its own terms, the MVRA applies only "when sentencing *a defendant convicted* of an offense described in subsection (c)," 18 U.S.C. §3663A(a)(1) (emphasis added)—not when sentencing a defendant whose *co-defendant* was convicted of such an offense. The VWPA operates in the same way. *See* 18 U.S.C. §3663(a)(1)(A) (VWPA applies "when sentencing *a defendant convicted* of an offense under this title") (emphasis added). Both "statutes require that the defendant first must be 'convicted of an offense' so enumerated to support an order of restitution." *United States v. Rich*, 603 F.3d 722, 728 (9th Cir. 2010); *accord United States v. Dorcely*, 454 F.3d 366, 376-77 (D.C. Cir. 2006); *United States v. McArthur*, 108 F.3d 1350, 1357 (11th Cir. 1997). If the defendant being sentenced was not convicted of an eligible offense, restitution is off the table. That is why Judge Batts ordered defendant Cuti to pay restitution but could not make that obligation joint and several with defendant Tennant. Because Mr. Petit was not "convicted of an offense" listed in the MVRA or VWPA, 18 U.S.C. §§3663(a)(1)(A), 3663A(a)(1), he is not subject to restitution under either statute. His co-defendant's offense of conviction is irrelevant.

Nor does the indictment's citation to 18 U.S.C. §2 in Count Two enlarge the Court's statutory authority. As an initial matter, because the Court did not instruct the jury on an aiding-and-abetting theory (ECF No. 127 at 16-21), it is clear the jury did not convict Mr. Petit on that basis. But even if it had that would not matter. Unlike conspiracy, aiding and abetting is not itself an offense; it is only a theory of liability. *See United States v. Singh*, 390 F.3d 168, 186 (2d Cir. 2004) ("18 U.S.C. §2 does not create a separate crime. It simply makes an aider and abettor a principal, and one who aids and abets a violation of a statute has violated that statute.") (quotation marks omitted); *United States v. Mucciante*, 21 F.3d 1228, 1234 (2d Cir. 1994) ("The federal aiding and abetting statute … does not penalize conduct apart from the substantive crime with which it is coupled."). Accordingly, a conviction for aiding and abetting Title 15 securities fraud is still a Title 15 crime and does not trigger the MVRA. *See Cummings*, 189 F. Supp. 2d at 73 n.7 (MVRA and VWPA did not permit restitution simply because the Title 15 securities fraud count "include[d] a reference to 18 U.S.C. §2").[3] Here, too, *Cuti* is instructive. The indictment there also charged the substantive securities fraud offense under an aiding-and-abetting theory of liability. *See* Oak Hill Entities Victim Impact Stmt. at 6 n.4, ECF No. 114 (arguing for restitution against Tennant because indictment charged securities fraud as aiding and abetting). But the Court and the government both agreed that that could not satisfy the MVRA's "under this title" offense requirement.

It is true that where a term of supervised release is imposed, district courts may, but are not required to, impose restitution as a condition of supervised release without regard to the

[3] *See also Acord*, 790 F. App'x at 19 (vacating restitution order against defendant convicted of Title 15 securities fraud and 18 U.S.C. §2); *United States v. Yielding*, 657 F.3d 688, 718-19 (8th Cir. 2011) (MVRA inapplicable because a "conviction for aiding and abetting a Title 42 offense is a conviction under Title 42"); *Elias*, 269 F.3d at 1021 (VWPA inapplicable "because Section 2 does not establish 'an offense' of which a defendant may be convicted; it merely determines which offenders may be punished as principals") (quotation marks omitted); *United States v. Jewell*, No. 4:07CR00103 JLH, 2009 WL 1010877, at *12 (E.D. Ark. Apr. 15, 2009) (rejecting government argument that "a charge under aiding and abetting" transforms a non-Title 18 offense into a Title 18 offense for purposes of the MVRA).

limitations imposed by the MVRA and the VWPA. *See* 18 U.S.C. §§3563(b)(2), 3583(d). Here, however, the Court carefully considered the §3553(a) factors, including Mr. Petit's advanced age and serious health issues, and sentenced Mr. Petit to one year in prison, but stated that it did not "see any need" to impose any supervised release. (Sentencing Tr., Feb. 23, 2021, at 27).[4]

* * * * *

In short, because Title 15 securities fraud—the only crime for which Mr. Petit was convicted—is not one of the offenses covered by the MVRA, this Court has no authority to order Mr. Petit to pay restitution in this case. As a result, the Court should summarily reject MiMedx's restitution request insofar as it relates to Mr. Petit. But in an abundance of caution, Mr. Petit hereby adopts and expressly incorporates herein the arguments of co-defendant Taylor in his submission contesting restitution. As Mr. Taylor explains, there are additional reasons why the Court should not—and cannot—order restitution to MiMedx against *either* defendant in this case.

**B. MiMedx's Request For A Restraining Order Should Also Be Denied**

MiMedx also seeks to bolster its restitution request by asking the Court to restrain the defendants' assets pending the payment of restitution. The Court should deny this request for the very same reasons discussed above: The Court cannot grant MiMedx ancillary relief in aid of a remedy that it lacks the statutory authority to impose. And in any event, Mr. Taylor's arguments as to why MiMedx's application is entirely unfounded, even if restitution were authorized in this case, apply equally to Mr. Petit.

---

[4] To the extent MiMedx were to suggest in reply that this Court re-open sentencing and amend the judgment with a term of supervised release so that restitution can be made a condition thereof, such a course of action is foreclosed by law at this late stage in the proceedings. *See United States v. Abreu-Cabrera*, 64 F.3d 67, 72-73 (2d Cir. 1995) (court can modify sentence only for "arithmetical, technical, or other clear error[s]" and only within the short time frame permitted by Fed. R. Crim. P. 35); *United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995) (Fed. R. Crim. 36 "authorizes a court to correct only clerical errors in the transcription of judgments").

## CONCLUSION

For the foregoing reasons, MiMedx's request for restitution against defendant Parker H. Petit should be rejected in its entirety, and the Court should deny MiMedx's extraordinary request for a restraining order.

Dated: New York, New York
April 23, 2021

Respectfully submitted,

/s/ Alexandra A.E. Shapiro

Alexandra A.E. Shapiro
Daniel J. O'Neill
SHAPIRO ARATO BACH LLP
500 Fifth Avenue, 40th Floor
New York, New York 10110
(212) 257-4880
ashapiro@shapiroarato.com
doneill@shapiroarato.com

*Attorneys for Defendant Parker H. Petit*